## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No.**

| | |
|---|---|
| BODOR LABORATORIES, INC. and NICHOLAS S. BODOR, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| BRICKELL SUBSIDIARY, INC. f/k/a BRICKELL BIOTECH, INC., | ) ) ) |
| Defendant. | ) ) |
| _____ | ) |

## <u>COMPLAINT</u>

Plaintiffs, Bodor Laboratories, Inc. ("Bodor Labs") and Nicholas S. Bodor, Ph.D., D.Sc., d.h.c (multi), HoF ("Dr. Bodor") (collectively "Plaintiffs") bring this action seeking declaratory judgments, injunction and damages for breach of contract and breach of the covenant of good faith and fair dealing against Defendant, Brickell Subsidiary, Inc. f/k/a Brickell Biotech, Inc. ("Brickell" or "Defendant"), and allege as follows:

## <u>NATURE OF ACTION</u>

Bodor Labs and Dr. Bodor are inventors and holders of numerous patents and other intellectual property. Plaintiffs as licensor entered into a written contract to license certain of their intellectual property to Defendant Brickell as licensee. Brickell materially breached the written license agreement in many ways, including, *inter alia*, by bringing a baseless patent challenge against the intellectual property of Plaintiffs. The Court should declare the written license agreement terminated, enjoin Brickell from continuing to use Plaintiffs' intellectual property, and award Plaintiffs damages due to Brickell's wrongful conduct.

## PARTIES

1.      Bodor Labs is a Florida corporation with its principal place of business in Florida. Bodor Labs is a citizen of Florida.

2.      Dr. Bodor is a citizen and resident of Florida.

3.      Brickell Subsidiary, Inc. is a Delaware corporation with its principal place of business in Colorado. Brickell Subsidiary, Inc. is a citizen of Delaware and Colorado. Brickell Subsidiary, Inc. was formerly known as Brickell Biotech, Inc. At the time that Plaintiffs entered into a contractual relationship with Brickell Subsidiary, Inc. it was known as Brickell Biotech, Inc.[1]

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Parties[2] and because Plaintiffs seek damages in excess of $75,000.00, exclusive of interest, costs, and attorneys' fees.

5.      This Court has personal jurisdiction over Brickell because the Parties entered into the contract that forms the basis of this dispute in Miami, Florida and because Brickell breached this contract in Florida by failing to perform acts required by the contract to be performed in

[1] Defendant Brickell Subsidiary, Inc. has been involved in a series of business transactions and a merger that have resulted in a related company going public. In particular, Defendant Brickell Subsidiary, Inc. was recently involved in a reverse merger with Vical Incorporated (Nasdaq:VICL). Effective August 31, 2019, Defendant Brickell Subsidiary, Inc. merged with a wholly owned subsidiary of Vical in an all-stock transaction, with Defendant Brickell Subsidiary, Inc. surviving that merger and now owned 100% by Brickell Biotech, Inc., formerly known as Vical Incorporated and now trading on Nasdaq, after the reverse merger, under the new ticker symbol of "BBI". The owners of Defendant Brickell Subsidiary, Inc. immediately before the merger with Vical own 60% of the combined company following the reverse merger. This publicly traded company has the same name that Defendant Brickell Subsidiary, Inc. was formerly known as, but the two entities are different business entities.

[2] The Plaintiffs and Defendant shall collectively be referred to as the "Parties."

2

Florida, including monetary payments. In addition, Brickell has and is engaged in substantial and not isolated activity in Florida. Brickell's former headquarters was located in Miami, Florida. Brickell is and has been registered to do business in Florida since 2010.

6.     Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims in this action occurred in the Southern District of Florida, specifically in Miami-Dade County, where Bodor Labs maintains an office and business and where Dr. Bodor resides. Moreover, the Parties entered into the contract that forms the basis of this dispute in Miami, Florida.

## GENERAL ALLEGATIONS

### A. The License Agreement

7.     Bodor Labs is a company that engages in drug invention and design. Bodor Labs was founded by Dr. Bodor Ph.D., D.Sc., d.h.c (multi), HoF, a professor and inventor of general and comprehensive drug designs and drug targeting concepts. Bodor Labs and Dr. Bodor are the owners of numerous patents, including patents related to hyperhidrosis (a skin disorder of chronic excessive sweating).

8.     Brickell is a pharmaceutical-related company ostensibly focused on the development of therapeutics for the treatment of skin diseases, including hyperhidrosis.

9.     On December 15, 2012, Plaintiffs and Brickell entered into a license agreement (the "License Agreement"[3]) whereby Plaintiffs licensed to Brickell certain intellectual property, including designated patents and know-how related to hyperhidrosis treatments (the "Licensed Product"), in exchange for Brickell, *inter alia*, meeting certain designated diligence events and paying to Plaintiffs certain milestone payments, royalties, and fees. The Parties amended the

___

[3] The term "License Agreement" shall refer to the License Agreement and all of its amendments.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

License Agreement on October 21, 2013 ("the First Amendment") and again on March 31, 2015 (the "Second Amendment"). The Parties negotiated the Second Amendment and executed it in contemplation of the "Sublicense Agreement" (defined below) that Brickell entered into with a sublicensee. The execution of the Second Amendment and the Sublicense Agreement effectively occurred simultaneously and composed one single transaction among Plaintiffs (licensor), Brickell (licensee), and sublicensee. Redacted versions of the License Agreement with both amendments are attached as Exhibit A.[4]

10.     The License Agreement permits Brickell to sublicense the Licensed Product (subject to express requirements) and obligates Brickell to pay Plaintiffs a percentage of any milestone payments, royalties, or fees that it receives from a sublicensee. (License Agreement, sections 2.1.2, 3.2.2 and 3.3.)

**B.  Brickell Failed to Meet The Diligence Events In The License Agreement**

11.     The License Agreement requires Brickell to meet specific "Diligence Events" by certain deadlines. (License Agreement, section 2.2 and Amendment 2). Specifically, the License Agreement obligates Brickell, at its own cost and expense, to develop the Licensed Product, to conduct all development necessary to obtain regulatory approval to market the Licensed Product, and to commercialize the Licensed Product, as follows:

- Filing of investigative new drug application (July 1, 2014);

- Initiation of Phase II clinical trials (March 31, 2015);

- Initiation of Phase III clinical trials (March 31, 2017); and

- Filing of new drug application or European equivalent (March 31, 2019).

---

[4] The License Agreement contains certain confidential information. Brickell previously publicly disclosed a redacted version of the License Agreement in connection with merger-related SEC filings. This same redacted version is attached.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

12.     Brickell wholly failed to meet any of these deadlines. Moreover, Brickell failed to use commercially reasonable efforts to meet these deadlines and did not diligently undertake actions to remedy these deficiencies.

C.  **The Sublicense Agreement**

13.     On or around March 31, 2015, Brickell entered into a sublicense agreement entitled "License, Development and Commercialization Agreement" (the "Sublicense Agreement"), with Kaken Pharmaceutical Co., Ltd. ("Kaken"), a Japanese pharmaceutical corporation with headquarters in Tokyo, Japan, whereby Brickell and Kaken agreed to work together on the development and commercialization of certain products covered by Plaintiffs' patents for the treatment of hyperhidrosis in certain geographical areas in Asia. A redacted version of the Sublicense Agreement is attached as Exhibit B.[5]

14.     The technology underlying the products to be developed and sold by Kaken was based solely on the intellectual property licensed to Brickell by Plaintiffs under the License Agreement. The terms of the Sublicense Agreement provide that Kaken will pay Brickell certain upfront payments, milestone payments, and royalties. Certain of the milestone payments are based on Kaken conducting clinical trials and subsequently selling products to be developed under the Sublicense Agreement. Other milestone payments are based on the volume of sales of products in Japan. The Sublicense Agreement requires Brickell to make payments to Plaintiffs based on payments Brickell receives from Kaken.

15.     During the negotiation of the Second Amendment (to the License Agreement), Brickell provided Plaintiffs with a copy of the Sublicense Agreement. The Sublicense Agreement

---

[5] The Sublicense Agreement contains certain confidential information. Brickell previously publicly disclosed a redacted version of the Sublicense Agreement in connection with SEC filings. This same redacted version is attached.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

contemplates Plaintiffs as a third-party beneficiary. Plaintiffs relied upon the disclosed terms of the Sublicence agreement — especially the terms requiring the payment of upfront payments, milestone payments, and royalties by Kaken to Brickell — when entering into the Second Amendment. Plaintiffs would not have agreed to the Second Amendment if these critical terms regarding the payments were not in the Sublicense Agreement.

16.     Subsequently, as explained below, Brickell and Kaken secretly amended the Sublicense Agreement multiple times in writing, including on April 2015, October 2017, March 2018, and May 2018, without notifying Plaintiffs of these material amendments or providing Plaintiffs with a copy of same. Plaintiffs did not learn of these amendments until Andrew Sklawer of Brickell told Plaintiffs about them in a call on or about June 24, 2019. This was after Plaintiffs inquired of Brickell about information it learned of in merger-related SEC public filings earlier in June 2019. All of the amendments to the Sublicense Agreement (as redacted and publicly filed) are included in Exhibit B.

**D.  Brickell Hid New Amendments to the Sublicense Agreement and Millions of Dollars of Payments Received by Brickell To Deprive Plaintiffs Their Full Benefits Due Under the License Agreement**

17.     Section 8.2 of the Sublicense Agreement requires Kaken to complete a $10 million milestone payment to Brickell upon initiation of a Phase 3 clinical trial.  Thus, Plaintiffs expected to receive a percentage of that milestone payment once the Phase 3 clinical trial was initiated.

18.     However, in October 2017 and March 2018, Brickell and Kaken secretly entered into Amendments 2 and 3 to the Sublicense Agreement, respectively. Brickell did not advise Plaintiffs of either of these amendments or provide Plaintiffs with copies of either of these amendments.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

19.     Amendment 2 calls for a $5 million payment by Kaken to Brickell if Brickell exercised its option to receive half of the original $10 million milestone payment early. Brickell exercised this option without telling Plaintiffs and Kaken secretly paid Brickell $5 million on December 5, 2017.

20.     Amendment 3 reduces the original $10 million milestone in the Sublicense Agreement to $5 million (and thus already prepaid) and adds a new development milestone of $5 million, which Kaken secretly paid Brickell in March 2018.

21.     Brickell failed to promptly notify Plaintiffs of receipt of both of the $5 million payments it received from Kaken. Brickell also concealed from Plaintiffs the fact that it had twice amended the Sublicense Agreement.

22.     In June of 2018, Andrew Sklawer of Brickell advised Plaintiffs that the original phase 3 $10 million milestone payment in the body of the Sublicense Agreement had been met as if the timing and terms of the original Sublicense Agreement remained unaltered. A subsequent correspondence was sent to Plaintiffs at Andrew Sklawer's direction by Jose Breton, Chief Accounting Officer of Brickell, which specifically indicated that the milestone payment had only been received by Brickell that month. Mr. Sklawer did not advise Plaintiffs about the two amendments to the Sublicense Agreement or that Brickell had already been secretly paid $10 million in two equal payments months earlier.

23.     The License Agreement requires Brickell to notify Plaintiffs of milestone payments promptly, within thirty days, and to pay Bodor Labs the amount owed within sixty days. (License Agreement, Section 3.1.1). Brickell did not comply with any of these requirements.

24.     Instead, Brickell belatedly paid Plaintiffs what it owed from the $10 million it received. By doing so, Brickell was late in its payment and did not pay interest.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

E.  **Brickell Secretly Pocketed a Full $15.6 Million Sublicensing Payment from Kaken Without Paying Plaintiffs Their Share**

25.    Brickell and Kaken continued to amend the Sublicense Agreement to cut Plaintiffs out of payments due under the License Agreement and Sublicense Agreement—this time on a much bigger scale.

26.    Specifically, on May 22, 2018, Brickell and Kaken secretly entered into Amendment 4 to the Sublicense Agreement whereby Kaken agreed to pay (and did pay) Brickell $15,600,000. The $15.6 million dollar payment stipulated in Amendment 4 replaced an $11 million milestone payment in the Sublicense Agreement and also reduced royalty rates owed by Kaken to Brickell.

27.    Brickell falsely recharacterized the $15,600,000 payment under Amendment 4 as "research and development," as opposed to a milestone or a royalty under which Plaintiffs would receive a percentage. Brickell did this in bad faith to try to swindle Plaintiffs out of being paid their stipulated portion of these funds.

28.    Brickell improperly withheld this critical amendment from Plaintiffs and it was not until June 2019 that Plaintiffs got wind of the secret $15.6 million payment.  On or around June 3, 2019, Brickell publicly filed a Schedule 14A with the SEC in merger-related filings in which it stated that "Upon receipt of the Collaboration R&D Payment, on May 31, 2018, a milestone payment originally due upon the first commercial sale in Japan was removed from the Collaboration Agreement [Sublicense Agreement] and all future royalties to the Company [Brickell] under the Collaboration Agreement were reduced 150 basis points." Brickell provided Plaintiffs with Amendment 4 on or about June 26, 2019 only after Plaintiffs inquired of Brickell as to what the research and development payment was.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

29.     Upon finally learning of the $15.6 million payment (well over a year later), on July 26, 2019, Plaintiffs sent a letter to Brickell setting forth amounts owed to Plaintiffs by Brickell under the License Agreement due to Kaken's milestone and royalty payments to Brickell under the Sublicense Agreement. The amount owed to Plaintiffs inclusive of the unpaid interest is approximately $5 million. A copy of the July 26, 2019 letter and accompanying invoice are attached as Exhibit C.

30.     Brickell responded by refusing to pay Plaintiffs their share of the $15.6 million, arguing that by classifying that payment as "research and development" funding, it was excused from making milestone and royalty payments due to Plaintiffs under the License Agreement.

31.     However, section 3.3(d) of the License Agreement only exempts research and development monies paid by third parties from payment obligations of Brickell to Plaintiffs if such funds do not grant sublicense rights to the Licensed Product.

32.     Brickell does not meet this exception because the $15,600,000 payment was agreed upon in exchange for deleting an $11 million milestone payment and lowering royalty payments. Thus the $15.6 million payment clearly granted sublicense rights to the Licensed Products.

33.     Brickell secretly mischaracterized these funds as research and development to deny Plaintiffs their benefits under the License Agreement. Moreover, the reclassification of milestone and royalty payments is contrary to the letter and spirit of the License Agreement — an agreement that specifically contemplates Plaintiffs' receipt of payments from the sublicensee in exchange for use of the Licensed Product.

34.     To date, Brickell has not paid the approximate $5 million due to Bodor Labs from Brickell under the License Agreement. *See* Exhibit C.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

F. **The Secret Provisional Patent Application By Brickell And Kaken**

35.     On May 23, 2019, Brickell secretly filed a provisional patent application, App. No. 62/851,880 ("the '880 Application"), with the United States Patent and Trademark Office. Brickell filed the '880 Application without notice or disclosure to Plaintiffs. Brickell ultimately provided Plaintiffs a confidential copy of the '880 Application on or about July 31, 2019, but this was only after Plaintiffs learned of its existence through merger-related SEC filings and requested a copy. The '880 Application seeks to obtain at least a United States patent on certain subject matter already covered by the Bodor patents and patent applications licensed to Brickell by Plaintiffs under the License Agreement, and/or related subject matter first developed by Plaintiffs.

36.     Plaintiffs met with representatives of Defendant in Miami on July 30, 2019 to discuss, among other things, the '880 Application. Following that meeting, Brickell's General Counsel David McAvoy (a highly-experienced attorney and former General Counsel of a major international pharmaceutical company) sent a letter to Plaintiffs declaring, in part, "Brickell produced the subject matter of Prov. '880 with Kaken independently of the Bodor License Agreement and in conformity with, in part, sections 2.1.5 (New Inventions) and 10.4 (Right to Independently Develop)." A copy of the July 31, 2019 letter is attached as Exhibit D.

37.     On October 2, 2019, representatives of Brickell, including Brickell's outside counsel, met with Plaintiffs in Miami to discuss, among other things, the '880 Application. In that meeting, Brickell's representatives continued their insistence that the '880 Application was the independent work of Brickell and Kaken. Brickell presented a slideshow which included statements declaring that (a) the '880 Application "constitutes a 'joint collaboration patent' under the Kaken Sublicense," (b) the inventors of the subject matter of the '880 Application are "Kazuyoshi Marubayashi and Herbert Brinkman," and (c) "[b]ased upon current evidence of

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

inventorship, this application is a **new** invention under the Brickell-Bodor License and [is the] property of Brickell (§2.1.5)." (emphasis in original).

38.     The '880 application is not the independent work of Brickell and/or Kaken. The '880 Application, and Brickell's related assertions of independent inventorship and ownership (Exhibit D and the slideshow referenced in the preceding paragraph), constitute a patent challenge and are, in effect, an attempt to steal Plaintiffs' intellectual property. This conduct is expressly prohibited by Section 4.2.2 of the License Agreement and constitutes a patent challenge that is grounds for immediate termination of the License Agreement with no opportunity to cure.

**G.  Other Bad Faith Conduct of Brickell**

39.     In addition to all of the bad faith and improper conduct of Brickell set forth above, Brickell also engaged in the following conduct that violates the letter and spirit of the License Agreement:

   a.  failing to timely provide Plaintiffs with important data and reports, including but not limited to submissions to the FDA (License Agreement, Section 2.4.1).

   b.  improperly granting itself Field Expansion rights under Section 2.5 of the Sublicense Agreement where such grant goes well beyond what is permitted by the License Agreement (License Agreement, Section 2.1.4).

   c.  improperly granting itself and Kaken Right of Reference rights under Section 5.1.6 of the Sublicense Agreement where such grant goes well beyond what is permitted by the License Agreement (License Agreement, Section 2.1.4).

   d.  improperly characterizing the Sublicense Agreement in merger-related SEC public filings as a "collaboration agreement" between Brickell and Kaken where such

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

mischaracterization goes well beyond what is permitted under the License Agreement (License Agreement, Section 2.1.4).

40.     The foregoing bad faith conduct harmed Plaintiffs. (An example includes Bodor Labs' attempt in January of 2018 to correspond with Kaken about developing sofpironium bromide for other indications. Kaken mistakenly stated to Plaintiffs that it would need to go through Brickell for other fields.)

**H.  Plaintiffs Termination of The License Agreement**

41.     On October 23, 2019, Plaintiffs sent Brickell a letter terminating the License Agreement, effective immediately, due to Brickell's improper patent challenge, its numerous material breaches of the License Agreement and its bad faith conduct. A copy of the termination letter is attached as Exhibit E ("Termination Letter"). Plaintiffs' Termination Letter further demanded that Brickell cease and desist from using any of Bodor Labs' intellectual property and that Brickell return the materials related to the License Agreement to Bodor Labs.

**I.  Miscellaneous**

42.     All conditions precedent to this action have been performed, have occurred, or have been waived.

43.     Plaintiffs have engaged undersigned counsel and have agreed to pay them a fair fee for such representation.

**COUNT I**
**Declaratory Judgment That The Termination Of The License Agreement By Plaintiffs Was Valid And Enforceable By Reason of the Patent Challenge Initiated By Brickell**

Plaintiffs reaffirm and reallege each and every allegation set forth in Paragraphs 1 - 43 above.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

44.     This is an action for Declaratory Judgment under 28 U.S.C. § 2201. There exists a bona fide, actual, present, practical controversy and dispute.

45.     Plaintiffs properly terminated the License Agreement because Brickell initiated a patent challenge by filing and then repeatedly asserting, through its legal counsel, Brickell's independent inventorship and ownership of the '880 Application that covered subject matter that was first invented and/or patented by Dr. Bodor and that was the subject of the License Agreement.

46.     Brickell falsely claimed that the subject matter of the '880 Application was the independent work of Brickell and Kaken and was the property of Brickell.

47.     Plaintiffs properly terminated the License Agreement pursuant to Paragraph 4.2.2 of the License Agreement, which provides, in relevant part: "Licensor may terminate this Agreement … immediately upon written notice to Licensee if Licensee or any Sublicensee brings a patent challenge against Licensor, or assists others in bringing a patent challenge against Licensor."

48.     The foregoing constitutes a justiciable question as to the present rights of the Parties, namely the termination of the License Agreement.

49.     A declaratory judgment is necessary to confirm the effective and immediate termination of the License Agreement by reason of Brickell's patent challenge. A declaratory judgment is also necessary to determine the rights and responsibilities of the Parties and resolve the dispute described herein.

WHEREFORE, Plaintiffs demand judgment against Defendant, as follows:

a.  Declare that the grounds for the immediate termination of the License Agreement existed due to Brickell's initiation of a patent challenge and that the termination of the License Agreement was valid and enforceable.

13

b.   Award supplemental relief as necessary to provide an equitable and complete remedy

to Plaintiffs in recognition of the unreasonable and inequitable conduct of Defendant.

c.   Award interest, costs, attorneys' fees under Section 9.3 of the License Agreement, and

any further relief the Court deems just and proper.

### <u>COUNT II</u>
**Declaratory Judgment That The Termination of The License Agreement
Was Valid And Enforceable By Reason of Material Breaches of the
License Agreement By Brickell**

Plaintiffs reaffirm and reallege each and every allegation set forth in Paragraphs 1 – 43

above.

50.    This is an action for Declaratory Judgment under 28 U.S.C. § 2201. There exists a

bona fide, actual, present, practical controversy and dispute.

51.    Plaintiffs terminated the License Agreement for cause due to Brickell's material

breaches of the License Agreement.

52.    Brickell failed to timely meet the diligence events identified in Paragraph 2.2.1 of

the License Agreement, as amended on March 31, 2015 by the Second Amendment, and further

failed to diligently undertake actions to remedy all such failures.

53.    Brickell failed to timely pay amounts due to Plaintiffs under the License Agreement

for payments Kaken made to Brickell under the Sublicense Agreement. Brickell also refused to

pay amounts due to Plaintiffs and instead falsely re-characterized certain payments made by Kaken

to Brickell as research and development funds instead of what those payments actually were,

namely milestone payments and/or royalties paid by Kaken to Brickell.

54.    Brickell improperly withheld from Plaintiffs various important data and reports,

including but not limited to submissions made to the U.S. Food and Drug Administration, in

violation of Paragraph 2.4.1 of the License Agreement.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

55.     Brickell improperly failed to provide to Plaintiffs any of the various amendments to the Sublicense Agreement, in violation of Paragraph 2.1.2 of the License Agreement.

56.     In violation of the License Agreement, Brickell improperly granted itself certain "field expansion" rights under the Sublicense Agreement.

57.     In violation of the License Agreement, Brickell improperly granted to itself and to Kaken certain "right of reference" rights under the Sublicense Agreement.

58.     In violation of the License Agreement, Brickell improperly characterized the Sublicense Agreement as a "collaboration agreement" in merger-related public filings in the SEC.

59.     The foregoing constitutes a justiciable question as to the present rights of the Parties under the License Agreement.

60.     A declaratory judgment is necessary to determine the rights and responsibilities of the Parties, and resolve the dispute described herein.

WHEREFORE, Plaintiffs demand judgment against Defendant, as follows:

a.  Declare that the termination of the License Agreement was valid and enforceable by reason of the material breaches of the License Agreement by Brickell.

b.  Award supplemental relief as necessary to provide an equitable and complete remedy to Plaintiffs in recognition of the unreasonable and inequitable conduct of Defendant.

c.  Award interest, costs, attorneys' fees under Section 9.3 of the License Agreement, and any further relief the Court deems just and proper.

## <u>COUNT III</u>
### Injunction Requiring Brickell to Cease and Desist Use of Plaintiffs' Intellectual Property

Plaintiffs reaffirm and reallege each and every allegation set forth in Paragraphs 1 - 43 above.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

61.     Plaintiffs believe and therefore aver that Brickell has engaged in, and continues to engage in, *inter alia,* the following acts:

a.  Continuing to use Plaintiffs' intellectual property after Plaintiffs have properly terminated the License Agreement;

b.  Continuing to refuse to return to Plaintiffs documents and materials in Brickell's possession relating to the License Agreement, including without limitation all studies, data, protocols, materials, results, and regulatory filings; and

c.  Other such acts contrary to the terms, conditions, and provisions of the License Agreement.

62.     By virtue of the foregoing, Plaintiffs have demonstrated a likelihood of success on the merits and that a balancing of the equities favors the issuance of an injunction against Brickell.

63.     Unless Brickell is preliminarily and permanently enjoined from the foregoing conduct, Plaintiffs will be irreparably harmed by:

a.  Brickell continuing to use its intellectual property;

b.  Brickell disclosing confidential information, that is the sole property of Plaintiffs, to Kaken and others;

c.  loss of confidentiality of Plaintiffs' records and financial dealings, loss of confidence and trust of other potential licensees, loss of goodwill, and loss of business reputation;

d.  damage to office stability and a threat to the enforcement of reasonable contracts; and

e.  present economic loss, which is unascertainable at this time, and future economic loss, which is presently incalculable.

64.     Plaintiffs have no adequate remedy at law.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

WHEREFORE, Plaintiffs respectfully request, pursuant to the equitable powers of this Court and Section 9.4 of the License Agreement, that this Court issue a preliminary and permanent injunction immediately, enjoining Brickell, directly or indirectly, whether alone or in concert with others, including Kaken, from:

a.  using Plaintiffs' intellectual property, including Plaintiffs' intellectual property provided under or related to the License Agreement;

b.  disclosing to third parties any intellectual property of Plaintiffs, including intellectual property provided under or related to the License Agreement;

c.  destroying, erasing, or otherwise making unavailable for further proceedings in this matter, any records or documents (including data or information maintained in computer media) in Brickell's or Kaken's possession or control which were obtained from or contain information derived from any of Plaintiffs' records, which pertain to Plaintiffs' intellectual property or which relate to any of the events alleged in the Complaint in this action; and

d.  any and all other such acts as this Court deems appropriate for injunctive relief, including awarding Plaintiffs' costs and attorneys' fees under Section 9.3 of the License Agreement.

## <u>COUNT IV</u>
### Breach of Contract

Plaintiffs reaffirm and reallege each and every allegation set forth in Paragraphs 1 – 43 above.

65.  The License Agreement is a valid and enforceable contract between Plaintiffs and Brickell.

66.  Brickell materially breached the License Agreement by among other things:

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

a. Improperly initiating the baseless provisional '880 Application that was not the independent work of Brickell or Kaken.

b. Failing to timely advise Plaintiffs of the '880 Application.

c. Failing to timely pay amounts due to Plaintiffs under the License Agreement in connection with payments made by Kaken to Brickell under the Sublicense Agreement. Brickell also improperly avoided paying amounts due to Plaintiffs by falsely characterizing certain payments made by Kaken to Brickell as research and development funds instead of what those payments actually were, namely milestone payments and/or royalties paid by Kaken to Brickell in exchange for use of the Licensed Product.

d. Withholding from Plaintiffs information about milestone payments by Kaken to Brickell and then delaying payment to Bodor Labs of the amounts due.

e. Failing to pay interest due for these late payments as reflected in the invoice attached dated July 26, 2019.

f. Failing to timely provide to Bodor Labs any of the amendments to the Sublicense Agreement.

g. Failing to timely provide Bodor Labs with important data and reports, including but not limited to submissions to the FDA.

h. Improperly granting to itself Field Expansion rights under paragraph 2.5 of the Sublicense Agreement where such grant goes well beyond what is permitted by the License Agreement.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

     i.    Improperly granting itself and Kaken Right of Reference rights under paragraphs 5.1.6 of the Sublicense Agreement where such grant goes well beyond what is permitted by the License Agreement.

     j.    Improperly characterizing in merger-related SEC public filings the Sublicense Agreement as a "collaboration agreement" between Brickell and Kaken where such mischaracterization goes beyond what is permitted by the License Agreement.

     k.    Failing to meet the diligence events in section 2.2 of the License Agreement (and in the Second Amendment) and failing to undertake actions to remedy such failures.

67.     As a direct and proximate result of these substantial and material breaches, the Plaintiffs have suffered damages in excess of the $75,000, exclusive of interest, costs, and attorneys' fees.

WHEREFORE, Plaintiffs demand judgment against Defendant for all of their damages, including interest, costs, and attorneys' fees under section 9.3 of the License Agreement, and any such other further relief that is just and proper.

<u>**COUNT V**</u>
**Breach of the Implied Covenant of Good Faith and Fair Dealing**

Plaintiffs reaffirm and reallege each and every allegation set forth in Paragraphs 1 - 43 above.

68.     The Parties entered into the License Agreement.

69.     In connection with the performance of its obligations under the License Agreement, Brickell has a duty to act in good faith and to deal fairly with Plaintiffs.

70.     In light of the express provisions of the License Agreement, Plaintiffs have a reasonable expectation that Brickell will among other things:

     a.    not challenge Plaintiffs' intellectual property, including patents;

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

b.  provide notice to Plaintiffs of any provisional patent applications of Brickell and/or Kaken that relate in any way to the intellectual property and patents at issue in the License Agreement;

c.  honor the terms of the Sublicense Agreement and not mischaracterize payments by Kaken to avoid payment of money due to Plaintiffs;

d.  advise Plaintiffs promptly of any payments made under the Sublicense Agreement and to pay Plaintiffs promptly what is owed;

e.  promptly provide Plaintiffs with all important data and reports, including but not limited to submissions to the FDA relating to the License Agreement and Sublicense Agreement;

f.  promptly provide Plaintiffs with any amendments to the Sublicense Agreement;

g.  not provide itself with rights exceeding those provided by Plaintiffs to Brickell, including Field Expansion Rights;

h.  not provide itself and Kaken with rights exceeding those provided by Plaintiffs to Brickell, including Right of Reference rights;

i.  not make mischaracterizations in merger-related SEC public filings, including that Brickell and Kaken are in a "collaboration agreement;

j.  meet the diligence events set forth in the License Agreement and promptly act to remedy all diligence events not met;

71.  Brickell has engaged in conduct that did not comport with Plaintiffs' reasonable contractual expectations of the License Agreement and has breached its duty of good faith and fair dealing by, among other things:

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

a.  Improperly initiating the baseless provisional '880 Application that was not the independent work of Brickell or Kaken.

b.  Failing to timely advise Plaintiffs of the '880 Application.

c.  Failing to timely pay amounts due to Plaintiffs under the License Agreement in connection with payments made by Kaken to Brickell under the Sublicense Agreement. Brickell also improperly avoided paying amounts due to Plaintiffs by falsely characterizing certain payments made by Kaken to Brickell as research and development funds instead of what those payments actually were, namely milestone payments and/or royalties paid by Kaken to Brickell in exchange for use of the Licensed Product.

d.  Withholding from Plaintiffs information about milestone payments by Kaken to Brickell and then delaying payment to Bodor Labs of the amounts due.

e.  Failing to pay interest due for these late payments as reflected in the invoice attached dated July 26, 2019.

f.  Failing to timely provide to Bodor Labs any of the amendments to the Sublicense Agreement.

g.  Failing to timely provide Bodor Labs with important data and reports, including but not limited to submissions to the FDA.

h.  Improperly granting itself Field Expansion rights under paragraph 2.5 of the Sublicense Agreement where such grant goes well beyond what is permitted by the License Agreement.

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

    i.   Improperly granting to itself and Kaken Right of Reference rights under paragraphs 5.1.6 of the Sublicense Agreement where such grant goes well beyond what is permitted by the License Agreement.

    j.   Improperly characterizing in merger-related SEC public filings, the Sublicense Agreement as a "collaboration agreement" between Brickell and Kaken where such mischaracterization goes beyond what is permitted by the License Agreement.

    k.   Failing to meet the diligence events in section 2.2 of the License Agreement (and in the Second Amendment) and failing to undertake actions to remedy such failures.

72.    Brickell's breaches of good faith and fair dealing have deprived Plaintiffs of the benefits of the License Agreement.

73.    As a direct and proximate result of Brickell's breaches of its duties of good faith and fair dealing, Plaintiffs have suffered damages in excess of $75,000, exclusive of interest, costs and attorneys' fees.

WHEREFORE, Plaintiffs demand judgment against Defendant for all of their damages, including interest, costs, and attorneys' fees under section 9.3 of the License Agreement, and any such other further relief that is just and proper.

Dated this 23rd day of October, 2019.

Respectfully submitted,

DEVINE GOODMAN & RASCO, LLP
2800 Ponce de Leon Blvd., Suite 1400
Coral Gables, FL 33134
Tel: 305-374-8200
Email: grasco@devinegoodman.com
       aandrews@devinegoodman.com

By: */s Guy A. Rasco*_____
    Guy A. Rasco., Esq. (F.B.N.: 727520)
    Averil Andrews, Esq. (F.B.N: 105700)

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208

And of Counsel

Martin A. Bruehs, Esq.
Charles R. Bruton, Esq.
Rajesh C. Noronha, Esq.
Dentons US LLP
1900 K St., NW
Washington, DC  20006

*Attorneys for Plaintiffs*

Devine Goodman & Rasco, LLP  2800 Ponce De Leon Boulevard, Suite 1400, Coral Gables, Florida 33134 P 305.374.8200 F 305.374.8208