UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BODOR LABORATORIES, INC. and NICHOLAS S. BODOR, <br><br> Plaintiffs, <br><br> v. <br><br> BRICKELL SUBSIDIARY, INC. f/k/a BRICKELL BIOTECH, INC., <br><br> Defendant. | Case No. 1:19-cv-24379 (PCH) |

**REPLY IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR
TO STAY THIS ACTION PENDING MANDATORY ARBITRATION**

Bodor's response (ECF No. 16) concedes that the parties have a valid and enforceable arbitration agreement, and that the claims that Bodor has raised fall within the scope of that agreement. Accordingly, this Court should dismiss this action: "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Perera v. H&R Block Enters., Inc.*, 914 F. Supp. 2d 1284, 1290 (S.D. Fla. 2012) (collecting cases).

Indeed, Bodor's response does not address any of the authorities or arguments set forth in Brickell's motion. Bodor's response also makes clear that Bodor is *not* seeking a preliminary injunction or provisional equitable relief—presumably because Bodor knows that it could not establish *any*, let alone all of the required factors: likelihood of success on the merits, irreparable harm, the balance of hardships, or public interest. As evidenced by the three specious (and, for purposes of the pending motion, irrelevant) bulleted statements in the response, Bodor's goal in filing this

lawsuit was only to disrupt Brickell's development efforts and its relationships with its third-party collaborators and funding sources by creating a false narrative, which Brickell wholly disputes.

Incredibly, having waived its right to insist upon mediation by proceeding directly to formal legal action, Bodor now complains that the arbitration must be deferred pending mediation. That assertion is both incorrect and for the arbitrators to decide. Under the agreed-upon AAA Rules, the parties are to mediate their dispute concurrently with the arbitration. AAA R-9 ("In all cases where a claim or counterclaim exceeds $75,000, upon the AAA's administration of the arbitration or at any time while the arbitration is pending, the parties shall mediate their dispute pursuant to the applicable provisions of the AAA's Commercial Mediation Procedures, or as otherwise agreed by the parties. Absent an agreement of the parties to the contrary, the mediation shall take place concurrently with the arbitration and shall not serve to delay the arbitration proceedings."). Consistent with these rules, Brickell has already proposed multiple mediators and mediation dates to Bodor (with no response). In any event, any complaints that Bodor has about the arbitration process must be directed to the arbitration panel.

## CONCLUSION

Bodor now acknowledges that it has presented issues that the parties unambiguously committed exclusively to binding, final and conclusive arbitration. This Court accordingly should dismiss this action. In the alternative, this Court should stay the action pending completion of the pending AAA arbitration.

        Respectfully Submitted,

        /s/ Alan D. Lash
        Alan D. Lash (FBN 510904)
        LASH & GOLDBERG LLP
        Miami Tower
        100 Southeast 2nd St. Suite 1200
        Miami, FL 33131-2158
        Tel:   305.347.4040
        Fax:  305.347.4050
        alash@lashgoldberg.com

        Benjamin C. Block (*pro hac vice*)
        COVINGTON & BURLING LLP
        One CityCenter
        850 Tenth St., N.W.
        Washington, D.C. 20001
        Tel: 202.662.5205
        Fax: 202.778.5205
        bblock@cov.com

        *Counsel for Defendant*

November 14, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2019, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Florida by using the CM/ECF system, which sent notification of such filing to all CM/ECF participants.

/s/ Alan D. Lash
Alan D. Lash